**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**Complaint Of Employment Discrimination**

**Civil action number** _____

**Plaintiff:** Lea Ann McCartney,

**v.**

**Defendant:** Denis R. McDonough, Secretary Department of Veterans Affairs.

This action is brought for discrimination in employment pursuant to 501 of the Rehabilitation Act. Americans with Disability Act of 1990, as codified, 42 U.S.C. " 12112-12117.

**I Parties in this complaint.**

**Plaintive**:   Lea Ann McCartney.
Street Address: 914 Wallace Street. County:
Westmoreland County
State and zip: Vandergrift pa 15690

**Defendant:**  Denis R. McDonough, Secretary Department of Veterans Affairs.
Street Address: U.S. Department of Veterans Affairs Washington, D.C. 20420   County:
State and zip: Washington, D.C. 20420   Phone:
800-698-2411.

**Statement of Claim List of Facts**

Failure to accommodate my disability, Denial of equal employment. Disability related harassment. Unequal terms and conditions of my employment, disability related.

1. The discrimination and harassment started after I became disabled from a work-related injury. Worked as an LPN GS-6, step 7 at the VA. On February 12, 2016, an injury occurred resulting in restrictions involving lifting, reaching, pushing, and pulling with my right arm and shoulder. My COP had been denied by HR, when in fact OWCP confirmed there was never a denial from them.
2. I was made to sit in a small room with no meaningful work and was given permission to knit by my supervisor, Diane McDade, on government time.  Also, was made to sit in the lobby to monitor the entrance while having permission to knit in the lobby.
3. On November 21, 2017, I was notified by the VA of a proposed termination from employment for being in an AWOL status I had instructed Diane McDade to continue to use my AL and SL under FMLA.  I was asked by my union rep I was using FMLA instead of LWOP.  I replied I had been

told that I could still use LWOP/FMLA and still be able to submit a workman's compensation claim.  Union rep asked me if I had supplied my HR with CA-7's bi-weekly or notification that I had an active claim.  I reported that I had not.  I also reported that the DOL had not requested any medical documentation from me.  I was advised by my union rep to resubmit my medical documentation to the DOL and to my HR specialist, which I did. I have provided all work-related injury paperwork to support my absences. I am covered under a union contract: article 41 states the agency will proceed in a prompt and expeditious manner to ensure I receive all benefits; it also states they will provide all OWCP forms and assist me in filling them out. The agency ignored this binding obligation and chose to try to fire me instead. The termination was not upheld.

4.  Reported to work 3-26-2018 with physician note.  I was told to leave and was given the excuse of "No meaningful work" and not having a current light duty form. I was sent home without pay and forced to provide form CA-17. As stated in paragraph 3. This requested form was requested solely for the purpose of the nurse manager trying to close my OWCP claim outside the view of the OWCP. She intentionally reduced my job physical requirements on side A, of OWCP form CA-17

5.  I was made to sit in a small room (CPR room) with no work or assigned tasks for approximately 6 months.

6.  I was restricted to the CPR room and was not permitted to be on the nursing unit. Other employees such as food service workers, housekeepers etc. were permitted in the nursing unit.

7.  On March 30, 2018, during a "fact finding" initiated my supervisor, Diane McDade, for not attempting CPR I presented her my new CA-17.  It stated my restrictions as standing for 2 hours. However, my supervisor stated that I would be returning to full duty status based on my CA-17.  I was informed at that time by my union rep that my boss cannot set qualification standards that she knows I will not be able to meet or standards that could worsen my condition.  My nurse manager informed me that I needed to become CPR certified to go back to full duty, however I knew I could not perform full duty and was not required to have CPR certification while I was on my light duty assignment for approximately 2 years. At this meeting the stated manager told me my workers' compensation claim was now closed. My union rep informed her she had no authority to do so.

8.  I was injured when my employer told me to work above physician ordered restrictions.

9.  The above additions occurred between the dates of 3-26-18 and 10-1-18.

10. From October 1, 2018, to at least March 26, 2019, complainant was charged AWOL.

11. On January 4,2018 complainants November 20,2018 accommodation request for LWOP made by the complainant's representative was denied.

12. On April 15, 2019, the complainant was removed from Federal Service solely because she was disabled. The agency was obligated to offer reasonable accommodations under article 18 of a binding union contract and ignored this obligation.

### Exhaustion of Administrative Remedies:

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged

discriminatory conduct on:  06/11/2016 (*Date*). B. The Equal Employment Opportunity Commission has issued a right to sue letter on February 6, 2023.

**WHEREFORE**, Plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs as well as (*check only those that apply*):

_____ Direct the defendant to hire the plaintiff.

___X_ Direct the defendant to re-employ the plaintiff.

_____ Direct the defendant to promote the plaintiff.

__X__ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

_____ Direct the defendant to reasonably accommodate the plaintiff's religion.

_____ Direct the defendant to (*specify*):_____ Restoration of Leave and all retirement benefits. Tax offset for any damages awarded _____

__X__ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double

damages, front pay, compensatory damages, punitive damages, prejudgment interest, post

judgment interest, and costs, including reasonable attorney fees and expert witness fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 4th__ day of ____May_____, 2023__.

Signature of Plaintiff _____

Address __914 Wallace Street_____

Vandergrift, PA 15690_____

_____

__724-612-8460_____

Telephone number

_____

Fax number (*if you have one*) _____